GRIFFIN, J.
Appellant, David A. Hardy [“Hardy”], appeals the summary denial of his rule 3.800 motion to correct an illegal sentence. It appears that one issue arises out of a scrivener’s error, which the State agrees requires remand for correction.[1]
In 2009, Hardy entered his plea to the bench on fifty separate counts of possession of child pornography. Each count is a third-degree felony. The original sentencing record reflects that the trial court intended to impose a twelve-year total sentence, which was a downward departure from the 16.6 year guidelines sentence. However, the 2009 sentence improperly imposed the twelve years concurrently on each third-degree felony. This error was *1125 corrected in a 2011 resentencing where Hardy received five years on Count 1, five years consecutive on Count 2, two years consecutive on Count 3, and five years concurrent on all remaining counts.
Hardy then sought to correct the credit for the time served portion of the sentence and the trial court, in granting the credit, erroneously re-imposed the twelve-year sentence on each third-degree felony. The State acknowledges that Hardy’s sentence should reflect twelve years total on the first three counts with the remaining counts running concurrently, together with credit for time served. Hardy need not be present to correct the current error.
Sentence VACATED and REMANDED for correction.
TORPY, C.J., and LAWSON, J., concur.

. There is no merit to Hardy's second issue on appeal.